**FILED**

DEC 0 4 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY DONSON PEOPLES, | Case No. C 14-3621 PSG (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| JOSE SANDOVAL, et al., | |
| Defendants. | |

Gary Donson Peoples, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Peoples' motion for leave to proceed in forma pauperis is granted. For the reasons stated below, the court dismisses this action.

**I. DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[1] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

---

[1] *See* 28 U.S.C. § 1915A(a).

Case No. C 14-2025 PSG (PR)
ORDER OF DISMISSAL

defendant who is immune from such relief.[2] *Pro se* pleadings must, however, be liberally construed.[3]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[4]

B.   Plaintiff's Claim

Peoples alleges that his convictions in 1987 and 1993 are constitutionally invalid because Peoples was not advised of his constitutional rights prior to pleading guilty. Peoples names as defendants a Court Clerk, a Superior Court judge, and the prosecutor assigned to one of his criminal cases. Besides the fact that these defendants are likely immune from suit, this action is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[5] A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section 1983.[6] If success in the Section 1983 suit would necessarily demonstrate the invalidity of the confinement or its duration, the Section 1983 suit is barred whether the plaintiff seeks damages or equitable

---

[2] *See* 28 U.S.C. § 1915A(b)(1), (2).

[3] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[4] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[5] *See Heck*, 512 U.S. at 486-487 (1994).

[6] *Id.* at 487.

Case No. C 14-2025 PSG (PR)
ORDER OF DISMISSAL

relief.[7]

Here, Peoples' claims against defendants fall squarely within the *Heck* rule because success on them would call into question the validity of his 1987 and 1993 convictions and sentences. The underlying complaint therefore must be dismissed.

If Peoples wishes to challenge his state court convictions or sentences, he may file a federal petition for writ of habeas corpus to assert such a challenge. Before he may file a federal habeas petition for writ of habeas corpus, however, he must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue she seeks to raise in federal court.[8]

## II. CONCLUSION

This action is DISMISSED without prejudice to Peoples filing a new civil rights action if his criminal conviction or sentence is ever set aside. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 12-3-14

PAUL S. GREWAL
United States Magistrate Judge

---

[7] *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

[8] *See* 28 U.S.C. § 2254(b)(1) (A),(c).

Case No. C 14-3621 PSG (PR)
ORDER OF DISMISSAL

3